UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-4181-SB (SK) | Date | September 17, 2021 |
|---|---|---|---|
| Title | Emigdio Salcedo v. United States of America et al. | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant(s): |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff Emigdio Salcedo is a federal inmate proceeding pro se with a *Bivens* action against the United States, the federal Bureau of Prisons ("BOP"), and federal prison staff for alleged Eighth Amendment violations while he was temporarily housed in a hold-over unit at FCI Victorville. (ECF 1).[1]  Plaintiff has since been transferred to FCI Manchester and is no longer housed at FCI Victorville. (ECF 20 at 1).  Still, he alleges that during his time there, he was served food with insufficient calories and provided no laundry services. (ECF 1 at 2). Although Plaintiff has paid the filing fee in full (ECF 13), the Court must screen the complaint to determine whether it states any "cognizable claims." 28 U.S.C. § 1915A(b)

At the outset, Plaintiff's *Bivens* action cannot proceed against the United States and its agencies like the BOP.  These defendants enjoy sovereign immunity against any *Bivens* action for monetary damages. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).  Nor can Plaintiff sue any of the named defendants, including the United States and the BOP, for injunctive relief, even though the federal government has waived its sovereign immunity for such equitable claims. *See* 5 U.S.C.A. § 702.  That is because Plaintiff has been transferred to another federal prison, mooting the need for injunctive relief at the prior prison. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001).

Plaintiff can, in theory, maintain a *Bivens* action against the individual defendants in their personal capacities. *See Carlson v. Green*, 446 U.S. 14, 18 (1980).  But that theory has no purchase here for many reasons.  First, the complaint contains no non-conclusory facts

---

[1] Plaintiff initially filed suit with six other inmates also then housed at FCI Victorville.  But because their claims could not be joined in one suit, Plaintiff's action was severed (as were the others) and reopened for him alone under this case number. (ECF 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-4181-SB (SK) | Date | September 17, 2021 |
|---|---|---|---|
| Title | Emigdio Salcedo v. United States of America et al. | | |

plausibly suggesting how the individual defendants caused or contributed to the alleged Eighth Amendment violations in food nutrition or laundry amenities. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff alleges that Officer Beam ridiculed his food complaints by suggesting that he could stand to lose a few pounds. (ECF 1 at 2). But even if true, that kind of comment cannot give rise to an Eighth Amendment violation. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (disrespectful words generally do not violate the Eighth Amendment). Nor does it matter for the Eighth Amendment that Officer Beam allegedly threatened to put inmates in isolation if they complained about prison conditions. (ECF 1 at 2). Even if true, that kind of conduct standing alone is not prohibited by the Eighth Amendment. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (allegations of verbal threats alone are insufficient to state an Eighth Amendment claim). And to the extent that Plaintiff's claims against the remaining defendants—named or not—turn on their alleged "failure to train" Officer Beam, that too is an inadequate, conclusory pleading. Government officials may not be held liable for the unconstitutional conduct of others by merely being their supervisors, *see Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976), which is the only connection to Officer Beam that can be plausibly inferred from the conclusory allegations.

Even if Plaintiff could somehow overcome these factual pleading deficiencies, his complaint also suffers from substantive legal problems. To start, Plaintiff's right to recover under *Bivens* is tenuous at best. The U.S. Supreme Court has strongly cautioned courts against extending *Bivens* remedies for Eighth Amendment claims not involving prison medical care. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017); *Carlson*, 446 U.S. at 25. In fact, the "Supreme Court has never explicitly recognized a *Bivens* remedy for an Eighth Amendment conditions of confinement claim." *Camillo-Amisan v. Fed. Bureau of Prisons*, 2019 WL 8138040, at *8 (C.D. Cal. Oct. 4, 2019); *accord Schwarz v. Meinberg*, 761 Fed. App'x 732, 734 (9th Cir. 2019). *But cf. Reid v. United States*, 825 Fed. App'x 442, 445 (9th Cir. 2020). Even if Plaintiff had a *Bivens* remedy here, he would need to describe an "objectively, sufficiently serious" prison condition depriving him of the "minimal civilized measure of life's necessities." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009). On top of which Plaintiff must allege that prison officials acted "with deliberate indifference to [his] health or safety." *Id.* Yet none of Plaintiff's allegations here—that the meals at FCI Victorville were too small (or lacked condiments and beverages), and that its laundry services were subpar compared to other prisons—can plausibly rise to the level of an Eighth Amendment violation. *See, e.g., LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:21-cv-4181-SB (SK) | Date | September 17, 2021 |
|---|---|---|---|
| Title | Emigdio Salcedo v. United States of America et al. | | |

pleasing."). What is more, Plaintiff never specifies how many calories the meals contained, how much weight he lost, or whether his health was even impacted at all.

Finally, even if Plaintiff could cure all these deficiencies just outlined, he admits that he failed to exhaust his administrative prison remedies. (ECF 1 at 3). But before filing a civil rights lawsuit in federal court, Plaintiff must exhaust his administrative remedies first. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). While the complaint alleges that Officer Beam refused to supply *other* inmates with required grievance forms, Plaintiff successfully filed a grievance at the first level of administrative review. (ECF 1 at 1-2). But without complete exhaustion of every available review level, Plaintiff's suit is subject to dismissal for lack of administrative exhaustion. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **Monday, October 18, 2021**, why his complaint should not be dismissed. If Plaintiff wishes to proceed with this action, he must file either an amended complaint that cures the deficiencies described above or a response to this order explaining why it is wrong. On the other hand, if Plaintiff cannot cure the deficiencies outlined here or if he just no longer wishes to pursue this action for any reason, he may voluntarily dismiss it using the attached form CV-09. If Plaintiff voluntarily dismisses this action, the Court will return the full amount of the filing fee to him.

If Plaintiff files no notice of voluntary dismissal, amended complaint, or timely response to this order, this action may be involuntarily dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**